Opinion of the Court by
Judge Mills.
(Absent Ch. Ju. Bibb.)
Richard Parker, an officer of the revolucionary army, became entitled to a warrant for 6,66 2-3 acres from the State of Virginia, for his military services, to be laid on the lands reserved by that state for the officers and soldiers, south of Green river in this state, of north of the, Ohio river. On his death, the entry and survey was made, and the patent issued for 1500 acres, part thereof, to Alexander Parker, his heir at law, on the south of Big Barren river. Before the patent issued, the said Alexander made an assignment of the warrant, on a separate piece of paper, to Walker Daniel and David Broadhead, and directed the patent to issue to them; arid, also, executed his bond to convey to them his title. Still, however, the patent, issued to him; but the equity of Daniel and Broadhead became complete; and under these two men, Daniel and Broadhead, each of the parties in this suit claim the land respectively, the complainant under Daniel, and the defendants under Broadhead.
The complainant, in this suit, now appellee, contends that Walker Daniel died intestate, before the right of primogeniture was destroyed; that Robert Daniel was his heir at law, and gave his bond, to convey 500 acres of this tract to Martin Daniels who sold and conveyed to him without having a legal estate, the 500 acres by metes and hounds; that Robert Daniel is dead, leaving the said Martin Daniel, with several of his oilier brothers and sisters, his heirs; and that Broadhead is dead, and his heirs unknown.
On the other side, the defendant, now appellant, contends that W. Daniel and Broadhead themselves divided the whole warrant; that the part laid in this state, being about the half of it, fell to Broad- *252 head and the other part to W. Daniel, who located the same north of the river Ohio, and had sold it, and of course W. Daniel, or his representatives, had not and interest in the tract of 1500 acres, part of which is now in question; that Broadherd conveyed the whole that to trustees to secure his debts, and it was sold to pay them; and the purchaser under that sale sold the tract to Valentine Meriwether, who sold to the defendant below, now appellant.
Decree of the circuit court.
Persons thro’ whom the claim in equity is derived, necessary parties.
Orders of advertisement against unknown heirs, may be published only eight weeks: against the living two months.
Mandate for time to be allowed appellee to being the parties before the court, or the bill dismissed.
Mayes, for appellant; Haggin, for appellee.
The court decreed in favor of the appellee the land laid off by Martin Daniel, and conveyed by him to the appellee, by metes and bounds.
We have not though, it necessary to travel into the merits of this controversy, because there in an irregularity in the proceedings, in attempting to bring the necessary parties before the court. If is evident, according to the complainant’s own sharing A. Parker, Michie, the unknown heirs of Bradhead, and all the legal representatives of Robert Daniel, were necessary parties. Against some of these publication has been attempted; but it is for eight weeks only, which has been frequently decided by this court to be insufficient to satisfy the requisition of two months required by law.
It is true, that with regard to unknown heirs, a special act has made eight weeks sufficient, which might answer as to the heirs of Broadhead. 1 Dig. L. K 62. But not so as to living defendants, and the proof of publication is not only defective as to but it is for eight weeks only.
In addition to this the heirs of Robert Daniel, who were indubitably necessary, are not brought before the court, either by process executed, or publication made.
The decree must, therefore, he reversed with costs, and the cause he remanded, with directions to dismiss the bill without prejudice to any future suit, for the same cause of complaint, unless the complainant. shall, in a reasonable time to be given for that purpose, bring all the necessary parties before the court.