## NICHOLSON, TUTOR, ETC. *vs.* PATTON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS PRESIDING.

An agent is a competent witness for his principal in all cases, except where suit is brought against the principal, on account of the negligence of the agent.

So, in an action for the recovery of a lost note against a broker, who bought it of a notary's clerk, the notary was received as a competent witness, to prove that his clerk had purloined the note from his office and sold it to the defendant, notwithstanding he was the agent employed to demand payment.

In an action for the recovery of a lost note, when the fact of the loss is proved, the defendant must show that he came in possession of it in the regular course of trade, and that he acquired it in good faith, and for a a valuable consideration.

When a note is taken by a broker, under circumstances affording reasonable ground of suspicion, he should inquire if the party came by it honestly ; and if he takes it under these circumstances, with a view to his profit, it is at his own risk.

This is an action to recover the possession of a promissory note of two thousand four hundred dollars, drawn by F. Frey, and endorsed by Schmidt & Longer, alleged to be in the hands of the defendant, and wrongfully claimed and detained by him. The plaintiff alleges, that the note is owned by the minor children of the late Samuel Spotts, of whom he is the tutor, and that he is entitled to demand the possession or its proceeds, for which he prays judgment against the defendant accordingly.

The defendant pleaded a general denial, and averred, that true it was he had the note in his possession, but was the lawful proprietor, having received it in the regular course of trade, in good faith, and for a valuable consideration.

Upon these pleadings and issues the cause was tried before the court and a jury.

Wm. Christy, Esq., the notary public, with whom the note in controversy was deposited by the plaintiff, testified, that in May, 1835, shortly after the note was executed, he ascertained that it was missing from his office, together with one other. He immediately advertised them in two of the newspapers. He soon discovered that W. Finney, his leading clerk, took the note and pledged it to the defendant, who lent him the sum of one thousand two hundred dollars, which sum was to have been returned by Finney, and the note taken up in a few days. These facts in relation to the pledge, witness had from the defendant himself, who called on him about two days after the note was advertised.

Witness produced a letter to him from Finney, dated at Mobile, the 15th of May, 1835, acknowledging that he had taken this note, which was for two thousand four hundred

dollars, payable the 15th of January, 1836, and pledged it to the defendant for one thousand two hundred dollars, with the intention of redeeming it, but that his misfortunes prevented him.

All this testimony was objected to by the defendant's counsel, but was received by the court, and a bill of exceptions taken.

The advertisement of the notes was put in the papers by the notary, the 27th of May, 1835. The plaintiff made full proof of the loss of the note, and that it was duly advertised. The defendant admitted he had received it, but that he had discounted or purchased it in due course of business for the sum of one thousand two hundred dollars.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Peirce,* for the plaintiff.

*J. Slidell,* for the defendant.

*Rost, J.,* delivered the opinion of the court.

The plaintiff, tutor of certain minors, claims from the defendant, in their behalf, a promissory note of two thousand four hundred dollars, which was lost or mislaid, while in the possession of W. Christy, acting as the plaintiff's agent.

The defendant admits the possession of the note, but avers that he is the lawful proprietor thereof, having purchased and received the same in the regular course of trade, in good faith and for a valuable consideration. The jury gave a verdict against the defendant, and his motion for a new trial being overruled, judgment was rendered, and he appealed. During the trial, a bill of exceptions was taken to the opinion of the court, admitting W. Christy as witness, on the ground, that he was the depositary of the note, and was responsible for the act of Finney, his clerk, who had purloined said note as stated by W. Christy, on his *voir dire.* The question, how far an agent can be a witness in matters connected with his agency, and involving his responsibility,

EASTERN DIST. has repeatedly been submitted to the decision of this court,
*April*, 1839. and the rule settled by their decision and recognized by the

NICHOLSON
*vs.*
PATTON.

An agent is a
competent wit-
ness for his prin-
cipal in all ca-
ses, except
where suit is
brought against
the principal, on
account of the
negligence of
the agent.

So, in an ac-
tion for the reco-
very of a lost
note against a
broker, who
bought it of a
notary's clerk,
the notary was
received as a
competent wit-
ness, to prove
that his clerk
had purloined
the note from
his office, and
sold it to the de-
fendant, not-
withstanding he
was the agent
employed to
protest it.

In an action
for the recovery
of a lost note,
when the fact of
the loss is pro-
ved, the defend-
ant must show
that he came in
possession of it
in the regular
course of trade,
and that he ac-
quired it in good
faith, and for a
valuable consi-
deration.

When a note
is taken by a
broker, under
circumstances
affording reason-
able ground of
suspicion, he
should inquire if
the party came

courts of the other states, appears to be, that an agent can
be a witness in all cases except in such as are brought
against the principal, on account of the negligence of the
agent ; in all such cases, he cannot be a witness for the prin-
cipal. *Practical Abridgment of Common Law Cases, vol.* 8,
*page* 432. The present action does not come within that
exception ; and the fact to be proved is one, for the proof of
which, from the necessity of the case, the law is satisfied
with an inferior degree of evidence.

Articles 2258 and 2259 of the Louisiana Code, provides,
that the loss of written instruments containing obligations
may be proved by such circumstances, supported by the oath
of the party, as renders the loss probable, provided it has
been advertised within a reasonable time. In this case the
advertisement is shown. The defendant admits that the
note exists in his possession, and if under these circumstan-
ces, the oath of the owner would be legal evidence of the
loss, we do not see upon what grounds that of his agent
could be excluded. We are, therefore, of opinion, that the
testimony was properly admitted.

The introduction of a letter of Finney as evidence, was
also excepted to by the defendant. We deem it unnecessary
to notice it ; the letter only went to show the manner in
which the note was lost, and how it came in the possession
of the defendant. Those facts do not appear to us mate-
rial to the issue.

The fact of the loss being proved, the defendant must show
that he came in possession of the note in the regular course
of trade, and that he acquired it in good faith and for a valu-
able consideration ; for we take the rule as settled in Eng-
land, in the case of *Gill* vs. *Cubitt et al.* for our guide ; when
a note is taken by a broker, under circumstances affording
reasonable grounds of suspicion, questions must be asked and
inquiries made, whether the party from whom it is received,
came by it honestly or not, and if the broker takes it under
those circumstances, with a view to profits arising from inte-

rest or commission, or merely because the names upon it or EASTERN DIST. some of them are good, then he takes it at his risk, or what *April,* 1839. ought in the contemplation of a reasonable man to be a risk, whether it be stolen or not, he takes it at his peril.   In that case, one of the judges said, after commenting upon the evidence, " I think those circumstances tend strongly to show that the party who discounted the bill, did not choose to make inquiry; but supposing the questions might not be satisfactorily answered, rather than refuse to take the bill, took the risk, in order to get the profit arising from commission and interest." 3 *Barnewall* and *Cresswell's Reports,* 466.

NICHOLSON
*vs.*
PATTON.

by it honestly, and if he takes it under these circumstances, with a view to his profit, it is at his own risk.

In the present case, Finney was, to the knowledge of the defendant, a notary's clerk, without any apparent means. The note was one given in pursuance of an act passed before his employer, and was signed by him *ne varietur.*  Both drawer and endorser were men with whom Finney was not known to be in the habit of dealing, and it was taken by the defendant without asking any questions.   A broker testifies that it is not usual to ask questions on those occasions, but that under the peculiar circumstances of this case, if the note had been offered to him, he would have ascertained how Finney came by it, before discounting it.   Another broker testifies, that he refused some time before to take a note of the same kind offered him by Finney.   The defendant told one of the witnesses, shortly after the disappearance of Finney, that he had taken the note from him on pledge, for a loan of twelve hundred dollars, which the borrower had promised to refund in a few days, when the note was to have been returned to him.   Pickrell, the clerk of the defendant, swears that the defendant gave Finney a check for twelve hundred dollars, and placed the note in his strong box; that witness being the book-keeper of the defendant, asked what he was to do with the note, when the defendant replied, that he had given Finney twelve hundred dollars, and there was the note in the box.   That the note thus remained without being entered in the books of the defendant as his own, up to the time of the departure of the witness for the north.

It is proved on the part of the defendant, that Christy had,

EASTERN DIST. at various times, endorsed notes of small amounts for Finney,
*April*, 1839. which had been discounted in the market, and it is shown
RAPP      that he was his confidential clerk. Brokers testify, that it
*vs.*
PEYROUX ET AL. frequently occurs, that only part of the proceeds of notes dis-
counted are paid the first day, and that the calculation of
interest and of the balance due, are left for further settle-
ment ; those transactions are not generally entered upon the
books until their termination.

We do not think that these circumstances tended materi-
ally to diminish the grounds of suspicion which the peculiar
situation of Finney and the nature of the paper he offered
were calculated to inspire, nor does it affect the declaration of
the defendant that he took the note in pledge. We are of
opinion, that the judgment of the District Court ought to be
affirmed.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.