## Joshua Marks *v.* Narcisse Landry.

In an action for the price of certain timber, defendant having alleged that he purchased it from a third person who had it in possession, plaintiff offered the evidence of a witness, taken under a commission, who deposed, that, being entrusted with the timber by plaintiff, he had, without authority, delivered it to the person from whom defendant obtained it. The admission of the evidence was opposed on the ground that the witness, who was the agent of the plaintiff, had a direct interest in the result, as he would be responsible to the latter, in the event of his losing the suit, in consequence of having exceeded his authority. *Held*, that the evidence was admissible.

Appeal from the District Court of Ascension, *Deblieux,* J.

*Nicholls,* for the appellant.

*M. Taylor,* for the defendant.

Martin, J. The plaintiff claims from the defendant two rafts of timber, or their value. The defendant resists the claim, alleging that he purchased the rafts from one Worden, who was in possession of them; that if the plaintiff be the owner, he must be bound by the acts of Worden, who was his agent, and cannot recover the rafts without reimbursing him (the defendant) what he paid for them. There was a verdict and judgment for the defendant, and the plaintiff has appealed. The case has been placed before us on a bill of exceptions taken by the plaintiff, on the re-

fusal of the court to permit him to read to the jury the testimony of Daniel Adams, which had been taken under a commission. The reading of the testimony was opposed by the defendant, on the ground that the witness was the agent of the plaintiff, and had an interest in the case, as appeared from his confession, in answer to one of the cross-interrogatories, that being entrusted with the rafts by the plaintiff, he had delivered them to Worden, (from whom the defendant had received them,) although he was not authorized so to do, but did so on his own responsibility. The counsel for the defendant and appellee urges that the court did not err; that, in the *first* place, one interested, directly or indirectly, in the result of a suit is not a competent witness. Civil Code, art. 2260. *Secondly*, that the witness offered was responsible for Worden, to whom he states that he entrusted the rafts sold by him. Civil Code, arts. 2976, 2977. *Thirdly*, that there is a distinction between the case of *Nicholson, Tutor,* v. *Patton,* (13 La. 213,) and the present; that in the former Finney *purloined* the note; that it was not placed in his hands, as his substitute, by Christy, and Christy was not responsible for his act.

The counsel for the plaintiff and appellant has referred us to the case of *Nicholson, Tutor,* v. *Patton,* 13 La. 213; and to Benjamin & Slidell's Digest, *Verbo* Evidence, Letter A. No. 46.

It appears to us that the court erred. The present case is less strong than that cited by the appellant, as Christy, by his testimony, which assisted the plaintiff in obtaining judgment, relieved himself from the heavy responsibility under which he was to his employer; while Adams, if his principal fails to recover in the present case, will remain liable to the action of those who may have sustained any injury from his misconduct. As the introduction of this testimony might have had great weight with the jury, and as the plaintiff has an undoubted right to have his case submitted to them on the legal testimony which he has procured, and the defendant that of having it weighed by the jury, the case must be remanded.

It is, therefore, ordered, that the judgment be annulled and reversed, the verdict set aside, and the case remanded for a new trial, with directions to the judge to allow the testimony of

Adams to be read to the jury ; the defendant and appellee paying the costs of the appeal.